Windy **PAYNE, individually and as guardian on behalf of D.P., a minor child, Plaintiff–Appellee,**

v.

**PENINSULA SCHOOL DISTRICT, Defendant,**

**and**

**Jodi Coy, Defendant–Appellant.**

**No. 13–35921.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2015.

Filed Aug. 3, 2015.

Thomas Vertetis, Kevin Michael Hastings, Pfau Cochran Vertetis Kosnoff PLLC, Tacoma, WA, for Plaintiff–Appellee.

Michael A. Patterson, Donald Franklin Austin, II, Kevin J. Kay, Patterson Buchanan Fobes & Leitch, Inc., P.S., Seattle, WA, for Defendant–Appellant.

Nancy Lynn Talner, ACLU of Washington, Seattle, WA, Amicus Curiae.

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,* District Judge.

### MEMORANDUM **

Jodi Coy appeals the district court's denial of summary judgment and qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1179 (9th Cir.2007), we reverse. The case is remanded for further proceedings on Plaintiff's remaining *Monell* and state law claims.

█ Coy is entitled to qualified immunity with respect to Plaintiff's Fourth Amendment claim because, at the time she acted, it would not have been clear to a

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reasonable official that placing D.P. in the safe room, as part of his aversive and behavioral intervention plan, was an unconstitutional seizure. *See Ashcroft v. al-Kidd,* 563 U.S. 731, 131 S.Ct. 2074, 2083–85, 179 L.Ed.2d 1149 (2011); *Couture v. Bd. of Educ. of Albuquerque Pub. Schs.,* 535 F.3d 1243 (10th Cir.2008); Wash. Admin. Code § 392–172–394 (2005).

■ Likewise, Coy is entitled to qualified immunity with respect to Plaintiff's Fourteenth Amendment claim because, at the time Coy acted, it would not have been clear to a reasonable official that having D.P. assist in cleaning up after he defecated in the safe room violated D.P.'s substantive due process rights. *See Harris v. Robinson,* 273 F.3d 927, 931–32 (10th Cir. 2001).

**REVERSED AND REMANDED.**